## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN THOMPSON, Individually and On Behalf of All Others Similarly Situated, | ) ) ) |
| Plaintiff, | ) ) Case No. _____ |
| v. | ) ) JURY TRIAL DEMANDED ) |
| GLOBALSCAPE, INC., ROBERT ALPERT, THOMAS E. HICKS, DAVID L. MANN, C. CLARK WEBB, HELP/SYSTEMS, LLC, and GRAIL MERGER SUB, INC., | ) CLASS ACTION ) ) ) ) |
| Defendants. | ) ) |

## COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE OF THE ACTION

1. This action stems from a proposed transaction announced on July 20, 2020 (the "Proposed Transaction"), pursuant to which GlobalSCAPE, Inc. ("GlobalSCAPE" or the "Company") will be acquired by Help/Systems, LLC ("Parent") and Grail Merger Sub, Inc. ("Merger Sub," and together with Parent, "Help/Systems").

2. On July 19, 2020, GlobalSCAPE's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Help/Systems. Pursuant to the terms of the Merger Agreement, Merger Sub commenced a tender offer (the "Tender Offer") to purchase all of GlobalSCAPE's outstanding common stock for $9.50 per share in cash. The Tender Offer is set to expire on August 27, 2020.

3. On July 31, 2020, defendants filed a Solicitation/Recommendation Statement (the "Solicitation Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4. The Solicitation Statement omits material information with respect to the Proposed Transaction, which renders the Solicitation Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(e), 14(d), and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Solicitation Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over all claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(e), 14(d), and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391 because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of GlobalSCAPE common stock.

9. Defendant GlobalSCAPE is a Delaware corporation and maintains its principal executive offices at 4500 Lockhill Selma Road, Suite 150, San Antonio, Texas 78249.

GlobalSCAPE's common stock is traded on the New York Stock Exchange American under the ticker symbol "GSB."

10. Defendant Robert Alpert is Chief Executive Officer and Chairman of the Board of the Company.

11. Defendant Thomas E. Hicks is a director of the Company.

12. Defendant David L. Mann is a director of the Company.

13. Defendant C. Clark Webb is a director of the Company.

14. The defendants identified in paragraphs 10 through 13 are collectively referred to herein as the "Individual Defendants."

15. Defendant Parent is a Delaware limited liability company and a party to the Merger Agreement.

16. Defendant Merger Sub is a Delaware corporation, a wholly-owned subsidiary of Parent, and a party to the Merger Agreement.

## CLASS ACTION ALLEGATIONS

17. Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of GlobalSCAPE (the "Class"). Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

18. This action is properly maintainable as a class action.

19. The Class is so numerous that joinder of all members is impracticable. As of July 19, 2020, there were approximately 18,782,108 shares of GlobalSCAPE common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

20. Questions of law and fact are common to the Class, including, among others, whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

21. Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature. Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

22. The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

23. Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class. Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

### *Background of the Company and the Proposed Transaction*

24. GlobalSCAPE secures and automates the movement and integration of data in, around, and outside organizations in and out of the cloud.

25. Founded in 1996, the Company's data exchange and integration software and cloud services are used by thousands of customers worldwide, including global enterprises, governments, and small and medium enterprises.

26. On July 19, 2020, GlobalSCAPE's Board caused the Company to enter into the Merger Agreement with Help/Systems.

27. Pursuant to the terms of the Merger Agreement, Merger Sub commenced the Tender Offer to acquire all of GlobalSCAPE's outstanding common stock for $9.50 per share in cash.

28. According to the press release announcing the Proposed Transaction:

> GlobalSCAPE, Inc. (NYSE American: GSB), and HelpSystems, LLC today jointly announced they have signed a definitive merger agreement under which HelpSystems will acquire all outstanding shares of GlobalSCAPE for $9.50 per share in cash. The combined company would focus on providing the most comprehensive collection of trusted security and automation solutions to customers worldwide. . . .
>
> Under the terms of the agreement between GlobalSCAPE and HelpSystems, HelpSystems has agreed to acquire all of the outstanding shares of GlobalSCAPE for $9.50 per share, which represents a 16% premium to the closing price for GlobalSCAPE stock on July 17, 2020. The transaction is structured as a tender offer followed by a merger, valued at approximately $217 million, including debt to be refinanced. The transaction will be funded with cash on hand and new debt. Jefferies Finance LLC and credit funds affiliated with Charlesbank Capital Partners LLC have provided a commitment to HelpSystems to provide the necessary debt financing.
>
> The agreement has been unanimously approved by the Boards of Directors of both companies. Senior GlobalSCAPE management and current and former GlobalSCAPE directors and their affiliates, who collectively hold approximately 33% of the outstanding shares, have agreed to tender their shares in the transaction. The transaction is subject to GlobalSCAPE's stockholders tendering a majority of GlobalSCAPE's outstanding shares prior to the expiration of the tender offer, certain regulatory approvals and other customary conditions, and is expected to close in the third quarter of 2020.
>
> GlobalSCAPE (acting through its financial advisor) will solicit alternative transaction proposals from third parties ("Go-Shop Parties") for a period ending August 24, 2020, subject to customary conditions specified in the merger agreement. If the GlobalSCAPE board determines that an alternative transaction proposal is superior to the merger with HelpSystems, GlobalSCAPE may terminate the merger agreement and accept the superior proposal. In such an event, GlobalSCAPE must pay HelpSystems a customary termination fee that varies in amount depending on whether or not the superior proposal is from a Go-Shop Party.

      In addition, the merger agreement provides HelpSystems a customary right to match a superior proposal.

      Stephens Inc. is serving as the exclusive financial advisor to GlobalSCAPE regarding the transaction, including the go-shop process. B. Riley FBR delivered a fairness opinion to the board of directors of GlobalSCAPE. Olshan Frome Wolosky LLP is serving as legal advisor to GlobalSCAPE. Goodwin Procter LLP is serving as legal advisor to HelpSystems.

*The Solicitation Statement Omits Material Information, Rendering It False and Misleading*

      29.    Defendants filed the Solicitation Statement with the SEC in connection with the Proposed Transaction.

      30.    As set forth below, the Solicitation Statement omits material information with respect to the Proposed Transaction, which renders the Solicitation Statement false and misleading.

      31.    First, the Solicitation Statement omits material information regarding the Company's financial projections.

      32.    The Solicitation Statement fails to disclose: (i) all line items used to calculate EBITDA and Adjusted EBITDA; (ii) projected cash flows and all underlying line items; (iii) a reconciliation of all non-GAAP to GAAP metrics; and (iv) the "earlier version of the Projections which was based on certain assumed numbers for the quarter ended June 30, 2020 [that] was [] circulated to the Company Board."

      33.    The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

      34.    Second, the Solicitation Statement omits material information regarding the analyses performed by the Company's financial advisor in connection with the Proposed Transaction, B. Riley FBR ("B. Riley").

35.     With respect to B. Riley's Selected Companies Analysis, the Solicitation Statement fails to disclose B. Riley's basis for applying selected multiple ranges of: (i) 2.0x to 5.0x to GlobalSCAPE's estimated 2020E Revenue; (ii) 1.5x to 4.5x to GlobalSCAPE's estimated 2021E Revenue; (iii) 7.5x to 12.0x to GlobalSCAPE's estimated 2020E Adjusted EBITDA; and (iv) 7.0x to 11.0x to GlobalSCAPE's estimated 2021E Adjusted EBITDA.

36.     With respect to B. Riley's Selected Transactions Analysis, the Solicitation Statement fails to disclose B. Riley's basis for applying selected multiple ranges of: (i) 2.8x to 4.4x to GlobalSCAPE's revenue for the last twelve months ended June 30, 2020; and (ii) 11.5x to 19.0x to GlobalSCAPE's EBITDA for the last twelve months ended June 30, 2020.

37.     With respect to B. Riley's Discounted Cash Flow Analysis, the Solicitation Statement fails to disclose: (i) projected cash flows and all underlying line items; (ii) B. Riley's basis for applying perpetual growth rates ranging from 2.0% to 3.0%; and (iii) the individual inputs and assumptions underlying the discount rates ranging from 10.5% to 12.5%.

38.     When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

39.     Third, the Solicitation Statement omits material information regarding the engagements of B. Riley and the Company's additional financial advisor, Stephens, Inc. ("Stephens").

40.     The Solicitation Statement fails to disclose whether B. Riley has performed past services for Help/Systems or its affiliates, as well as the timing and nature of such services and the amount of compensation received by B. Riley for providing such services.

41. The Solicitation Statement also fails to disclose whether Stephens has performed past services for the Company, Help/Systems, or their affiliates, as well as the timing and nature of such services and the amount of compensation received by Stephens for providing such services.

42. Full disclosure of investment banker compensation and all potential conflicts is required due to the central role played by investment banks in the evaluation, exploration, selection, and implementation of strategic alternatives.

43. Fourth, the Solicitation Statement fails to disclose whether the Company entered into any non-disclosure agreements that contained "don't ask, don't waive" provisions that are or were preventing other potential parties from requesting waivers of standstill provisions to submit offers to the Company.

44. Without this information, stockholders may have the mistaken belief that, if these potentially interested parties wished to come forward with a superior offer, they are or were permitted to do so, when in fact they are or were contractually prohibited from doing so.

45. Fifth, the Solicitation Statement fails to disclose whether the Company entered into any non-disclosure agreements during the "go-shop" process.

46. The omission of the above-referenced material information renders the Solicitation Statement false and misleading, including, *inter alia*, the following section of the Solicitation Statement: The Solicitation or Recommendation.

47. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

**(Claim for Violation of Section 14(e) of the 1934 Act Against Defendants)**

48. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

49. Section 14(e) of the 1934 Act states, in relevant part, that:

It shall be unlawful for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading . . . in connection with any tender offer or request or invitation for tenders[.]

50. Defendants disseminated the misleading Solicitation Statement, which contained statements that, in violation of Section 14(e) of the 1934 Act, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not misleading.

51. The Solicitation Statement was prepared, reviewed, and/or disseminated by defendants.

52. The Solicitation Statement misrepresented and/or omitted material facts in connection with the Proposed Transaction as set forth above.

53. By virtue of their positions within the Company and/or roles in the process and the preparation of the Solicitation Statement, defendants were aware of this information and their duty to disclose this information in the Solicitation Statement.

54. The omissions in the Solicitation Statement are material in that a reasonable shareholder will consider them important in deciding whether to tender their shares in connection with the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available.

55. Defendants knowingly or with deliberate recklessness omitted the material information identified above in the Solicitation Statement, causing statements therein to be

9

materially incomplete and misleading.

56. By reason of the foregoing, defendants violated Section 14(e) of the 1934 Act.

57. Because of the false and misleading statements in the Solicitation Statement, plaintiff and the Class are threatened with irreparable harm.

58. Plaintiff and the Class have no adequate remedy at law.

## COUNT II

### (Claim for Violation of 14(d) of the 1934 Act Against Defendants)

59. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

60. Section 14(d)(4) of the 1934 Act states:

Any solicitation or recommendation to the holders of such a security to accept or reject a tender offer or request or invitation for tenders shall be made in accordance with such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

61. Rule 14d-9(d) states, in relevant part:

Any solicitation or recommendation to holders of a class of securities referred to in section 14(d)(1) of the Act with respect to a tender offer for such securities shall include the name of the person making such solicitation or recommendation and the information required by Items 1 through 8 of Schedule 14D-9 (§ 240.14d-101) or a fair and adequate summary thereof[.]

Item 8 requires that directors must "furnish such additional information, if any, as may be necessary to make the required statements, in light of the circumstances under which they are made, not materially misleading."

62. The Solicitation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits the material facts set forth above, which renders the Solicitation Statement false and/or misleading.

63. Defendants knowingly or with deliberate recklessness omitted the material information set forth above, causing statements therein to be materially incomplete and

misleading.

64. The omissions in the Solicitation Statement are material to plaintiff and the Class, and they will be deprived of their entitlement to make a fully informed decision with respect to the Proposed Transaction if such misrepresentations and omissions are not corrected prior to the expiration of the tender offer.

65. Plaintiff and the Class have no adequate remedy at law.

## COUNT III

**(Claim for Violation of Section 20(a) of the 1934 Act
Against the Individual Defendants and Help/Systems)**

66. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

67. The Individual Defendants and Help/Systems acted as controlling persons of GlobalSCAPE within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as directors of GlobalSCAPE and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Solicitation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

68. Each of the Individual Defendants and Help/Systems was provided with or had unlimited access to copies of the Solicitation Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

69. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had

the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Solicitation Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly connected with and involved in the making of the Solicitation Statement.

70. Help/Systems also had direct supervisory control over the composition of the Solicitation Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Solicitation Statement.

71. By virtue of the foregoing, the Individual Defendants and Help/Systems violated Section 20(a) of the 1934 Act.

72. As set forth above, the Individual Defendants and Help/Systems had the ability to exercise control over and did control a person or persons who have each violated Section 14(e) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.

73. As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

74. Plaintiff and the Class have no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays for judgment and relief as follows:

A. Enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.   Directing the Individual Defendants to file a Solicitation Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.   Declaring that defendants violated Sections 14(e), 14(d), and 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E.   Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.   Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated: August 4, 2020

**RIGRODSKY & LONG, P.A.**

By: */s/ Gina M. Serra*
Brian D. Long (#4347)
Gina M. Serra (#5387)
300 Delaware Avenue, Suite 1220
Wilmington, DE 19801
Telephone: (302) 295-5310
Facsimile: (302) 654-7530
Email: bdl@rl-legal.com
Email: gms@rl-legal.com

*Attorneys for Plaintiff*

**OF COUNSEL:**

**RM LAW, P.C.**
Richard A. Maniskas
1055 Westlakes Drive, Suite 300
Berwyn, PA 19312
Telephone: (484) 324-6800
Facsimile: (484) 631-1305
Email: rm@maniskas.com